## MANDELBAUM v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   November 10, 1904.)

1. EVIDENCE—ADMISSIONS IN PLEADINGS.

   A copy of a pleading in another action is not the best evidence of an admission contained in the pleading.

2. SAME—SCOPE OF ADMISSION—TIME.

   Upon an issue as to whether defendant operated the street railroad on which plaintiff was injured, an admission by defendant in another suit that it did operate it did not establish the affirmative of the issue, in the absence of evidence that plaintiff's injury was at or near the time to which the admission related.

3. APPEAL—SUPPLYING OMITTED PROOF.

   Where defendant offers no evidence, but relies on its motions to strike out the evidence on a material issue and to dismiss, the court, on appeal from the municipal court, cannot receive evidence to supply omitted proof.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Abraham Mandelbaum against the New York City Railway Company.  From a judgment for plaintiff, defendant appeals.  Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry F. Gannon, for appellant.
Jacob Rabinovitz, for respondent.

BISCHOFF, J.   The action was for damages for injuries to the plaintiff as a passenger upon the defendant's street car operated on Spring street, and, there being no concession of the fact that the defendant operated this car, it became incumbent upon the plaintiff to prove it.   Upon this issue plaintiff offered in evidence a copy of the written pleadings in an action brought by one Snyder against this defendant in the same court, as an admission that this line of railway was operated by the defendant, and the papers were received over the objection to their competency, relevancy, and materiality.

The copy of the defendant's answer in another action or litigation was certainly not the best evidence of the admission thereby sought to be proved, since, while the copy would conclude the defendant, upon principles of estoppel, for the purposes of the action in which it was served, if a question arose as to whether the copy conformed to the original, the answer itself was the best evidence of its contents where the question arose between third parties.   However, assuming that the paper was properly admitted, still there was a failure of proof, since there was no connection shown between the date of the admitted operation of the line and the date when the accident which is the subject of this action occurred.   For all that appears from the evidence, the accident in suit might have happened years before the accident in the Snyder case, no year having been testified to by the witnesses called in the case at bar; therefore, not only was the admission sought to be drawn from the answer in the Snyder case immaterial, but, by reason of this absence of connecting testimony, there was a total failure of proof up-

on the question of the defendant's operation of the line for the purposes of the plaintiff's cause of action. The defendant having offered no evidence, but having relied upon its motion to strike out the evidence offered in the form of the pleadings in the Snyder case, and upon its motion to dismiss the complaint, the situation is not one in which the appellate court may receive evidence on appeal to supply omitted proof, essential to the cause of action, to support a recovery, and a reversal of this judgment must necessarily result.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event. All concur.